IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

INSTITUTO MEDICO DEL NORTE, INC.

    Debtors

CASE NO. 13-08961

CHAPTER 11

INSTITUTO MEDICO DEL NORTE, INC.

    Plaintiff

vs.

GREENGIFT CAPITAL, LLC

    Defendant

ADV. PROC. 21-00046

OPINION AND ORDER

This adversary proceeding is before the court upon the motion for reconsideration of the Opinion and Order at dkt. #73 filed by plaintiff/counter-defendant Instituto Médico del Norte, Inc. ("Instituto") (dkt. #78), the opposition filed by Greengift Capital, LLC ("Greengift") (dkt. #95), and the reply filed by Instituto (dkt. #101). For the reasons stated below, plaintiff/counter-defendant's motion for reconsideration is denied.

This court in the opinion and order entered on May 27, 2022 (dkt. #73) denied Instituto's motion to dismiss the counterclaim and ordered Instituto to show cause within 21 days why the complaint should not be dismissed for failure to state a claim upon which relief may be granted as the court concluded that the *rebus sic stantibus* doctrine does not apply to the facts of this case. The court incorporates the explication and reasoning of the May 27, 2022, opinion and order to the instant opinion and order. However, the court highlights some parts of the same in the following paragraphs.

-1-

"The complaint seeks a declaratory judgment on the applicability of the *rebus sic stantibus* doctrine. The answer to the complaint denies its applicability. The counterclaim seeks a declaratory judgment establishing that the Debtor has breached its obligations under the Loan and is currently in default with the terms of the confirmed Plan of Reorganization; requests that the court orders the immediate payment of all the obligations; and that in the absence of full payment, the court should order the foreclosure of the mortgage notes and the public sale of the property. The creditor also requests the court to order the garnishment and the foreclosure of all other property encumbered by Condado, in absence of payment in full."

. . .

"Clearly, both the complaint and the counterclaim center on determining whether the binding effect of the confirmed plan should be set aside under the *rebus sic stantibus* doctrine. There is no dispute over the fact that Instituto has not complied with the terms of the confirmed Chapter 11 plan as it relates to payments to Greengift. The issue is whether the non-compliance is excused by the *rebus sic stantibus* doctrine. Therefore, both are inextricably intertwined. Based on this conclusion and the court having found to have post-confirmation jurisdiction on matters affecting the confirmed chapter 11 plan, the motion to dismiss the counterclaim is hereby denied."

. . .

"For the foregoing reasons, the Court concludes that the *rebus sic stantibus* doctrine is inapplicable in the present case and that the Debtor's allegations are insufficient. Applying the doctrine to this case seems to provoke exactly what the Supreme Court [of Puerto Rico] tried to avoid in Sucn. Talavera, that is, to fail the principle of confidence and the duty of loyalty amongst the parties. The Debtor's pretension to modify, once again, the terms of the agreement doesn't acknowledge

its reinstated inability to perform under the loan and the claim under the *rebus sic stantibus* doctrine fails good faith principles."

POSITION OF THE PARTIES

Instituto

Instituto commences the argument by stating the effects of the motion for reconsideration to the time within which to file an appeal under Fed. R. Bankr. P. 8002(b). Instituto prays for relief pursuant to Fed. R. Civ. P. 59(e) to provide "the Honorable Court an opportunity to correct its erroneous determination to deny Plaintiff's motion to dismiss Condado's counterclaim and the Court's erroneous analysis of the elements of the *rebus sic stantibus* doctrine as applied to the complaint." Instituto alleges that "[u]nfortunately, the Opinion lacks a legal analysis in relation to its denial of Instituto's motion to dismiss Condado's counterclaim. The Court's determination to deny Instituto's motion to dismiss is explained in only one paragraph out of the nineteen-page Opinion." Instituto then proceeds to reargue its legal analysis in support of the applicability of the *rebus sic stantibus* doctrine.

Greengift

Greengift initially alleges that Instituto failed to comply with PR LBR 9013-1(c) by not including a response time. The court agrees. However, the court opts to decide the motion for reconsideration on the merits.

Greengift argues that the court did not commit errors of law as to subject matter jurisdiction, the court correctly applied the criteria and standards under Fed. R. Civ. P. 12(b)(6), and correctly analyzed the doctrine of *rebus sic stantibus* and good faith. Greengift provided its legal analysis to the allegations.

Instituto

Instituto replied to Greengift's opposition with further legal analysis of its position.

Motion for reconsideration standard

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) aff'd,

2001 WL 958803 (1st Cir. 2001) (citing Van Skiver v. United States, 952 F. 2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen (14) days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b). Id.

In the instant case, Instituto's motion for reconsideration was filed within fourteen (14) days from the date that the dismissal order was entered. Therefore, the motion will be treated as one under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Id. See also; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997). The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

Discussion

Instituto's motion reargues and expands its position on the arguments which prompted this court's May 27, 2022, Opinion and Order.  Greengift also answers and opposes the request for reconsideration supporting the court's analysis.  The court is not moved by the legal arguments raised by Instituto and declines to further expand or correct the May 27, 2022, Opinion and Order. As stated at the beginning, "the court incorporates the explication and reasoning of the May 27, 2022, order to the instant opinion and order." The court does not find that there is legal error in its May 27, 2022, Opinion and Order.

The court notes that on March 1, 2022, it entered an order in a related adversary proceeding between the same parties, AP 21-00033, wherein Instituto's complaint was dismissed.  Therein, the court stated as a historical background the following:

"Ponce Bank's loan has been transferred since 1984 sequentially to the following financial institutions: Banco Bilbao Vizcaya Argentaria, Oriental Bank, Condado 7, LLC, and now, Greengift. Instituto accepts that there are moneys owed as of December 2020, but limited to $3,854,581.34, and not the $4,544,070.39 claimed by Condado 7. In sum, more than 37 years have lapsed since the original loan and there is still a balance owed."

The court concluded that:

"Instituto has failed to present to the court evidence or reasonable support for its allegation that the stipulation between the debtor (Instituto) and Oriental Bank ("Oriental"), as well as the confirmed plan, provide that the portion of the credit in the amount of $3,585,388.53 does not generate interest. Moreover, even if the $3,585,388.53 did not generate interest at some point in time, Instituto has failed to provide evidence that it has complied with the payments as provided for in the confirmed plan and the stipulation. Conclusory allegations do not suffice. On the other hand, assuming the truth of all well-plead facts in the amended complaint and giving the benefit of all reasonable inferences therefrom, the court concludes that

the complaint does not plead a plausible claim as it is based on conclusions not supported by the facts. Plaintiff Instituto has had a reasonable opportunity to fill the factual gap and has been unable to do so."

The judgment of dismissal was appealed to the U. S. District Court on March 7, 2022 (Appeal No: 22-cv-01122), and is pending a decision as of this date.

The court further notes that on July 1, 2022, Instituto filed a complaint against Greengift Capital, LLC, AP 22-00046. Instituto alleges that due to the dismissal of Case No. 21-00033, albeit the dismissal order is pending appeal, Plaintiff was precluded from litigating its rights under Article 1220 of the Puerto Rico Civil Code which governs the right to extinguish a litigated credit that is sold. Instituto further prays the court to determine the extent of Greengift's secured claim pursuant to 11 U.S.C. § 506.

The references to the two other related adversary proceedings are meant to accentuate the litigious history of the repayment by Instituto of its subject loan since 1984 to the present.

CONCLUSION

In view of the foregoing, the motion for reconsideration filed by Instituto is hereby denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of August 2022.

Enrique S. Lamoutte
United States Bankruptcy Judge

-6-