IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

INSTITUTO MEDICO DEL NORTE, INC.

    Debtors

INSTITUTO MEDICO DEL NORTE, INC.

    Plaintiff

vs.

GREENGIFT CAPITAL, LLC

    Defendant

CASE NO.  13-08961

CHAPTER 11

ADV. PROC.  21-00046

OPINION AND ORDER

This adversary proceeding is before the court upon the response filed by Instituto Médico del Norte, Inc. ("Instituto"), the plaintiff herein, to this court's order of May 27, 2022 (dkt. #73), showing cause why the complaint should not be dismissed because the court determined that the *rebus sic stantibus* doctrine does not apply to the facts of this case (dkt. #92). Instituto also prays for leave to file an amended complaint. Greengift Capital. LLC, defendant, has opposed Instituto's request (dkt. #112).

BACKGROUND

This court concluded in its May 27, 2022, Opinion and Order "that the *rebus sic stantibus* doctrine is inapplicable in the present case and that the Debtor's allegations are insufficient. Applying the doctrine to this case seems to provoke exactly what the Supreme Court tried to avoid in Sucn. Talavera, that is, to fail the principle of confidence and the duty of loyalty amongst the parties. The Debtor's pretension to modify, once again, the terms of the agreement doesn't acknowledge its reinstated inability to perform under the loan and the claim under the *rebus sic stantibus* doctrine fails good faith principles."

Instituto moved for reconsideration.  On August 1, 2022, the court denied Instituto's motion for reconsideration. In summary, the court concluded that:

"Instituto's motion reargues and expands its position on the arguments which prompted this court's May 27, 2022, Opinion and Order. Greengift also answers and opposes the request for reconsideration supporting the court's analysis. The court is not moved by the legal arguments raised by Instituto and declines to further expand or correct the May 27, 2022, Opinion and Order. As stated at the beginning, "the court incorporates the explication and reasoning of the May 27, 2022, order to the instant opinion and order." The court does not find that there is legal error in its May 27, 2022, Opinion and Order."

POSITION OF THE PARTIES

Instituto, in its response to the order to show cause re dismissal argues that this court's opinion "is not correct in several respects." Instituto again reargues its position regarding the applicability of the *rebus sic stantibus* doctrine to this case. In addition, Instituto argues the standards to allow a party to amend a complaint and states that:

"18. Instituto complies with all previous mentioned elements for the leave to file an amended complaint, there is no undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments, the leave sought should, as the rules require, be "freely given." Forman v. Davis, supra. Although Instituto totally disagrees with the Court's determination that Instituto's allegations are conclusory and/or insufficient to state a claim under the *rebus sic stantibus* doctrine, Instituto is hereby requesting that it be allowed to amend the complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, made applicable to these proceedings by virtue of Bankruptcy Rule 7015. Dismissal is an extraordinary procedural measure and the rules and case law hold that the Court's shall provide plaintiff the opportunity to file an amended complaint before a dismissal pursuant to Rule 12(b)(6). Forman v. Davis, supra."

Greengift opposes Instituto's response alleging that:  "Plaintiff's dilatory motives and protracted litigation that courts routinely find as adequate grounds to deny leaves to file amended complaints. See Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 60-61 (1st Cir. 2018) (establishing "dilatory motive" as a criteria to deny a request for leave to file an amended complaint). We say "dilatory motive" because the Plaintiff stopped making the monthly $75,069 payments in October 2020, the loan matured pursuant to the terms of the confirmed Plan of Reorganization on September 24, 2021 and has been past due and

payable ever since. So, any delay in the instant case only favors the Plaintiff, not Greengift."

DISCUSSION

Rule 15(a) provides for the amendment of pleadings to enable a party to assess matters that may have been overlooked or unknown.  Bankruptcy courts have liberally allowed amendments. Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, Vol. 6, §1472 and §1473. Rule 15(a)(2) provides that "The court should  freely give leave [to amend a complaint] when justice so requires." The determination must be made considering the totality of the circumstances, including its timeliness. Nikitine v. Wilmington Trust, Co., 715 F.3d 388, 390 (1st Cir. 2013); Mulder v. Kohl's Department Stores, Inc., 865 F.3d 17 (1st Cir. 2017). Leave to amend a complaint may be denied for a variety of reasons, including futility, bad faith, undue delay, or dilatory tactics.  Privitera v. Curran, 855 F.3d 19 (1st Cir. 2017). Leave to amend a complaint may be filed after a motion to dismiss is filed. U.S. Ex Rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 195 (1st Cir. 2015).

The court in the May 27, 2022, opinion and order found that:

> "The loan contract, when including warranties, takes into consideration the risk of default. That is precisely the purpose of the mortgage, or any other warranties issued to the Lender. Such warranties are subscribed voluntarily by the Debtor. The agreements provide the appropriate remedy to avoid the inequivalence or the disproportion of the obligations, which is the realization of the value through the execution of the mortgage.
>
> The court notes that the Debtor defaulted on the loan since October 31, 2020, and the complaint was filed in state court on June 4, 2021, that is, eight months after default. Considering the new criteria established by Puerto Rico's Civil Code, the term to file an action expires six months since the extraordinarily and unpredictable event. See 31 L.P.R.A. § 9843. Additionally, the party arguing the supervening excessive burden must not be at fault or in substantial arrear. See 31 L.P.R.A. § 9842."

The court, in its August 1, 2022, Opinion and Order denying the motion for reconsideration stated the following:

> The court notes that on March 1, 2022, it entered an order in a related adversary proceeding between the same parties, AP 21-00033, wherein Instituto's complaint was dismissed. Therein, the court stated as a historical background the following:

"Ponce Bank's loan has been transferred since 1984 sequentially to the following financial institutions: Banco Bilbao Vizcaya Argentaria, Oriental Bank, Condado 7, LLC, and now, Greengift. Instituto accepts that there are moneys owed as of December 2020, but limited to $3,854,581.34, and not the $4,544,070.39 claimed by Condado 7. In sum, more than 37 years have lapsed since the original loan and there is still a balance owed."

The court concluded that:

"Instituto has failed to present to the court evidence or reasonable support for its allegation that the stipulation between the debtor (Instituto) and Oriental Bank ("Oriental"), as well as the confirmed plan, provide that the portion of the credit in the amount of $3,585,388.53 does not generate interest. Moreover, even if the $3,585,388.53 did not generate interest at some point in time, Instituto has failed to provide evidence that it has complied with the payments as provided for in the confirmed plan and the stipulation. Conclusory allegations do not suffice. On the other hand, assuming the truth of all well-plead facts in the amended complaint and giving the benefit of all reasonable inferences therefrom, the court concludes that the complaint does not plead a plausible claim as it is based on conclusions not supported by the facts. Plaintiff Instituto has had a reasonable opportunity to fill the factual gap and has been unable to do so."

The judgment of dismissal was appealed to the U. S. District Court on March 7, 2022 (Appeal No: 22-cv-01122) and is pending a decision as of this date."

The litigious history of the of the parties since 1984 and in this removed action shows that Instituto has engaged in dilatory tactics prompted by its continuous inability to make current payments on the loan. Thus, the request to file an amended complaint is denied. Moreover, the court again declines to revisit the applicability of the *rebus sic stantibus* doctrine.

CONCLUSION

In view of the foregoing reasons, Instituto's request to file an amended complaint is hereby denied. In addition, the court declines to revisit its decision regarding the inapplicability of the *rebus sic stantibus* doctrine to the facts plead in the complaint. Therefore, judgment will be entered dismissing the present action.

IT IS SO ORDERED.
In San Juan, Puerto Rico, this 12th day of August 2022.

Enrique S. Lamoutte
United States Bankruptcy Judge

-4-